1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  BRIAN C. FRONTINO (State Bar No. 222032)
   ERIC Y. HWANG (State Bar No. 258966)
3  2029 Century Park East
   Los Angeles, CA  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  E-Mail:  lacalendar@stroock.com

6  Attorneys for Defendant
     CHEX SYSTEMS, INC.
7
   LAW OFFICES OF PETER L. RECCHIA
8  PETER L. RECCHIA (State Bar No. 77857)
   1605 E. 4th Street, Suite 250
9  Santa Ana, CA 92701
   Telephone: 714-541-2858
10 Facsimile: 714-541-6880
   E-Mail: attnyrecchia@aol.com
11
   CALLAHAN, MCCUNE & WILLIS, APLC
12 LEE A. SHERMAN (State Bar No. 172198)
   111 Fashion Lane
13 Tustin, California 92780-3397
   Tel:  (714) 730-5700
14 Fax:  (714) 730-1642
   Email: lee_sherman@cmwlaw.net
15
   Attorneys for Plaintiff
16   ELIZABETH LAVALLE

17
                **UNITED STATES DISTRICT COURT**
18
                **CENTRAL DISTRICT OF CALIFORNIA**
19

20 ELIZABETH LAVALLE, individually   )  Case No. SA CV08-1383 AHS (RNBx)
                                     )
21 and on behalf of all others similarly )  [Assigned to the Honorable Alice-Marie
   situated,                         )  Stotler]
22                                   )
                                     )  **STIPULATION FOR ENTRY OF**
23         Plaintiffs,               )  **PROTECTIVE ORDER AND**
                                     )  ~~[PROPOSED]~~ **PROTECTIVE**
24    vs.                            )  **ORDER**
                                     )
25 CHEXSYSTEMS and DOES 1 to 10,     )
   inclusive,                        )
26                                   )
                                     )
27         Defendants.               )
                                     )
28                                      Action Filed:  December 4, 2008

LA 51156914v2

1    The Court hereby enters this Protective Order based upon the stipulation of the

2    parties and good cause appearing, which, for the duration of the above-entitled

3    litigation and as provided herein, shall govern the exchange of confidential

4    information between plaintiff Elizabeth LaValle and defendant Chex Systems, Inc.

5    The parties to this Protective Order are collectively referred to herein as the "Parties"

6    and individually as a "Party."

### I. PURPOSES AND LIMITATIONS

8    Disclosure and discovery activity in this action are likely to involve production

9    of confidential, proprietary, or private information for which special protection from

10   public disclosure and from use for any purpose other than prosecuting this litigation

11   would be warranted.  Accordingly, the parties hereby stipulate to and petition the

12   court to enter the following Stipulation for Entry of Protective Order and Protective

13   Order ("Stipulation and Order").  The parties acknowledge that this Order does not

14   confer blanket protections on all disclosures or responses to discovery and that the

15   protection it affords extends only to the limited information or items that are entitled

16   under the applicable legal principles to treatment as confidential.  The parties further

17   acknowledge, as set forth in Section 10, below, that this Stipulation and Order

18   creates no entitlement to file confidential information under seal; Civil Local Rule

19   79-5 sets forth the procedures that must be followed and reflects the standards that

20   will be applied when a party seeks permission from the Court to file material under

21   seal.

### II. DEFINITIONS

23    1.    Party: any party to this action, including all of its officers, directors,

24   employees, consultants, retained experts, and outside counsel (and their support

25   staff).

26    2.    Disclosure or Discovery Material: all items or information, regardless of

27   the medium or manner generated, stored, or maintained (including, among other

28

- 1 -

LA 51156914v2

1  things, testimony, transcripts, or tangible things) that are produced or generated in

2  disclosures or responses to discovery in this matter.

3      3.    "Confidential" Information or Items: information (regardless of how

4  generated, stored or maintained) or tangible things that qualify for protection under

5  standards developed under Federal Rule of Civil Procedure 26(c).

6      4.    Receiving Party: a Party that receives Disclosure or Discovery Material

7  from a Producing Party.

8      5.    Producing Party: a Party or non-party that produces Disclosure or

9  Discovery Material in this action.

10     6.    Designating Party: a Party or non-party that designates information or

11  items that it produces in disclosures or in responses to discovery as "Confidential."

12     7.    Protected Material: any Disclosure or Discovery Material that is

13  designated as "Confidential."

14     8.    Outside Counsel: attorneys who are not employees of a Party but who

15  are retained to represent or advise a Party in this action.

16     9.    House Counsel: attorneys who are employees of a Party.

17     10.   Counsel (without qualifier): Outside Counsel and House Counsel (as

18  well as their support staffs).

19     11.   Expert: a person with specialized knowledge or experience in a matter

20  pertinent to the litigation who has been retained by a Party or its counsel to serve as

21  an expert witness or as a consultant in this action and who is not a past or a current

22  employee of a Party or of a competitor of a Party and who, at the time of retention, is

23  not anticipated to become an employee of a Party or a competitor of a Party.  This

24  definition includes a professional jury or trial consultant retained in connection with

25  this litigation.

26     12.   Professional Vendors: persons or entities that provide litigation support

27  services (e.g., photocopying; videotaping; translating; preparing exhibits or

28

LA 51156914v2

1   demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

2   their employees and subcontractors.

## III.  SCOPE

4       The protections conferred by this Stipulation and Order cover not only

5   Protected Material (as defined above), but also any information copied or extracted

6   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

7   testimony, conversations, or presentations by parties or counsel to or in court or in

8   other settings that might reveal Protected Material.

## IV.  DURATION

10       Even after the termination of this litigation, the confidentiality obligations

11   imposed by this Order shall remain in effect until a Designating Party agrees

12   otherwise in writing or a court order otherwise directs.

## V.  DESIGNATING PROTECTED MATERIAL

14       1.   Exercise of Restraint and Care in Designating Material for Protection.

15   Each Party or non-party that designates information or items for protection under this

16   Order must take care to limit any such designation to specific material that qualifies

17   under the appropriate standards.  A Designating Party must take care to designate for

18   protection only those parts of material, documents, items, or oral or written

19   communications that qualify – so that other portions of the material, documents,

20   items, or communications for which protection is not warranted are not swept

21   unjustifiably within the ambit of this Order.

22       Mass, indiscriminate, or routinized designations are prohibited.  Designations

23   that are shown to be clearly unjustified, or that have been made for an improper

24   purpose (e.g., to unnecessarily encumber or retard the case development process, or

25   to impose unnecessary expenses and burdens on other parties), expose the

26   Designating Party to sanctions.

27

28

LA 51156914v2

1    If it comes to a Party's or a non-party's attention that information or items that

2    it designated for protection do not qualify for protection at all, that Party or non-party

3    must promptly notify all other parties that it is withdrawing the mistaken designation.

4    2.    Manner and Timing of Designations.  Except as otherwise provided in

5    this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

6    stipulated or ordered, material that qualifies for protection under this Order must be

7    clearly so designated before the material is disclosed or produced.

8    Designation in conformity with this Order requires:

9    (a)    for information in documentary form (apart from transcripts of

10   depositions or other pretrial or trial proceedings), that the Producing Party affix the

11   legend "CONFIDENTIAL" on each page that contains protected material.  If only a

12   portion or portions of the material on a page qualifies for protection, the Producing

13   Party also must clearly identify the protected portion(s) (e.g., by making appropriate

14   markings in the margins).

15   A Party or non-party that makes original documents or materials available for

16   inspection need not designate them for protection until after the inspecting Party has

17   indicated which material it would like copied and produced.  After the inspecting

18   Party has identified the documents it wants copied and produced, the Producing Party

19   must determine which documents, or portions thereof, qualify for protection under

20   this Order.  Before producing the specified documents, the Producing Party must

21   affix the legend "CONFIDENTIAL" on each page that contains Protected Material.

22   If only a portion or portions of the material on a page qualifies for protection, the

23   Producing Party also must clearly identify the protected portion(s) (e.g., by making

24   appropriate markings in the margins).

25   (b)    for testimony given in deposition, that the Party or non-party

26   offering or sponsoring the testimony identify on the record, before the close of the

27   deposition, all protected testimony.  When it is impractical to identify separately each

28   portion of testimony that is entitled to protection, and when it appears that substantial

- 4 -

1  portions of the testimony may qualify for protection, the Party or non-party that

2  sponsors, offers, or gives the testimony may invoke on the record (before the

3  deposition is concluded) a right to have up to 20 days to identify the specific portions

4  of the testimony as to which protection is sought.  Only those portions of the

5  testimony that are appropriately designated for protection within the 20 days shall be

6  covered by the provisions of this Stipulation and Order.

7       Transcript pages containing Protected Material must be separately bound by

8  the court reporter, who must affix to the top of each such page the legend

9  "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring

10  the witness or presenting the testimony.

11       (c)   <u>for information produced in some form other than documentary,</u>

12  <u>and for any other tangible items</u>, that the Producing Party affix in a prominent place

13  on the exterior of the container or containers in which the information or item is

14  stored the legend "CONFIDENTIAL."  If only portions of the information or item

15  warrant protection, the Producing Party, to the extent practicable, shall identify the

16  protected portions as "Confidential."

17       (d)   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an

18  inadvertent failure to designate qualified information or items as "Confidential" does

19  not, standing alone, waive the Designating Party's right to secure protection under

20  this Order for such material.  If material is appropriately designated as "Confidential"

21  after the material was initially produced, the Receiving Party, on timely notification

22  of the designation, must make reasonable efforts to assure that the material is treated

23  in accordance with the provisions of this Order.

24       **VI.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

25       1.   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating

26  Party's confidentiality designation is necessary to avoid foreseeable substantial

27  unfairness, unnecessary economic burdens, or a later significant disruption or delay

28  of the litigation, a Party does not waive its right to challenge a confidentiality

- 5 -

LA 51156914v2

1  designation by electing not to mount a challenge promptly after the original

2  designation is disclosed.

3       2.    Meet and Confer.  A Party that elects to initiate a challenge to a

4  Designating Party's confidentiality designation must do so in good faith and must

5  begin the process by conferring directly (in voice to voice dialogue; other forms of

6  communication are not sufficient) with counsel for the Designating Party.  In

7  conferring, the challenging Party must explain the basis for its belief that the

8  confidentiality designation was not proper and must give the Designating Party an

9  opportunity to review the designated material, to reconsider the circumstances, and,

10  if no change in designation is offered, to explain the basis for the chosen designation.

11  A challenging Party may proceed to the next stage of the challenge process only if it

12  has engaged in this meet and confer process first.

13       3.    Judicial Intervention.  A Party that elects to press a challenge to a

14  confidentiality designation after considering the justification offered by the

15  Designating Party must comply with Local Rules 37-1 and 37-2 (including the Joint

16  Stipulation requirement) and file such Joint Stipulation with the Court (in compliance

17  with Civil Local Rule 79-5, if applicable) that identifies the challenged material and

18  sets forth in detail the basis for the challenge.  The burden of persuasion in any such

19  challenge proceeding shall be on the Designating Party.  Until the Court rules on the

20  challenge, all parties shall continue to afford the material in question the level of

21  protection to which it is entitled under the Producing Party's designation.

22       **VII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

23       1.    Basic Principles.  A Receiving Party may use Protected Material that is

24  disclosed or produced by another Party or by a non-party in connection with this case

25  only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

26  Material may be disclosed only to the categories of persons and under the conditions

27  described in this Order.  When the litigation has been terminated, a Receiving Party

28  must comply with the provisions of Section 11, below (FINAL DISPOSITION).

- 6 -

LA 51156914v2

1  Protected Material must be stored and maintained by a Receiving Party at a location

2  and in a secure manner ensuring that access is limited to the persons authorized

3  under this Order.

4       2.     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

5  otherwise ordered by the court or permitted in writing by the Designating Party, a

6  Receiving Party may disclose any information or item designated CONFIDENTIAL

7  only to:

8       (a)     the Receiving Party's Outside Counsel of record in this action, as

9  well as employees of said Counsel to whom it is reasonably necessary to disclose the

10  information for this litigation and who have signed the "Agreement to Be Bound by

11  Protective Order" that is attached hereto as Exhibit A;

12       (b)     the officers, directors, and employees (including House Counsel)

13  of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

14       (c)     experts (as defined in this Order) of the Receiving Party to whom

15  disclosure is reasonably necessary for this litigation and who have signed the

16  "Agreement to Be Bound by Protective Order" (Exhibit A);

17       (d)     the Court and its personnel;

18       (e)     court reporters, their staffs, and professional vendors to whom

19  disclosure is reasonably necessary for this litigation;

20       (f)     during their depositions, witnesses in the action to whom

21  disclosure is reasonably necessary and who have signed the "Agreement to Be

22  Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony

23  or exhibits to depositions that reveal Protected Material must be separately bound by

24  the court reporter and may not be disclosed to anyone except as permitted under this

25  Stipulated Protective Order.

26       (g)     The author of the document or the original source of the

27  information.

28

- 7 -

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulation and Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

LA 51156914v2

1   such person or persons to execute the "Acknowledgment and Agreement to Be

2   Bound" that is attached hereto as Exhibit A.

### X.   FILING PROTECTED MATERIAL

4        A Party that seeks to file under seal any Protected Material must comply with

5   Civil Local Rule 79-5.  If any papers to be filed with the Court contain information

6   and/or documents that have been designated as "Confidential," the proposed filing

7   shall be accompanied by an application to file the papers or the portion thereof

8   containing the designated information or documents (if such portion is segregable)

9   under seal; and that the application shall be directed to the judge to whom the papers

10  are directed.  For motions, the parties should publicly file a redacted version of the

11  motion and supporting papers.

### XI.   FINAL DISPOSITION

13       Unless otherwise ordered or agreed in writing by the Producing Party, within

14  sixty days after the final termination of this action, each Receiving Party must return

15  all Protected Material to the Producing Party.  As used in this subdivision, "all

16  Protected Material" includes all copies, abstracts, compilations, summaries or any

17  other form of reproducing or capturing any of the Protected Material.  With

18  permission in writing from the Designating Party, the Receiving Party may destroy

19  some or all of the Protected Material instead of returning it.  Whether the Protected

20  Material is returned or destroyed, the Receiving Party must submit a written

21  certification to the Producing Party (and, if not the same person or entity, to the

22  Designating Party) by the sixty day deadline that identifies (by category, where

23  appropriate) all the Protected Material that was returned or destroyed and that affirms

24  that the Receiving Party has not retained any copies, abstracts, compilations,

25  summaries or other forms of reproducing or capturing any of the Protected Material.

26  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

27  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

28  work product, even if such materials contain Protected Material.  Any such archival

- 9 -

LA 51156914v2

1   copies that contain or constitute Protected Material remain subject to this Protective

2   Order as set forth in Section 4 (DURATION), above.

3   **XII.  MISCELLANEOUS**

4       1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

5   person to seek its modification by the Court in the future.

6       2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

7   Stipulation and Order no Party waives any right it otherwise would have to object to

8   disclosing or producing any information or item on any ground not addressed in this

9   //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

LA 51156914v2

1  Stipulation and Order.  Similarly, no Party waives any right to object on any ground

2  to use in evidence any of the material covered by this Protective Order.

3  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4

5  Dated:  August 10, 2009                LAW OFFICES OF PETER L. RECCHIA
                                          PETER L. RECCHIA

6

7  By: _____/s/_____
                                                   Peter L. Recchia

8  Attorneys for Plaintiff
                                          ELIZABETH LAVALLE

9

10
   Dated:  August 10, 2009               CALLAHAN, MCCUNE & WILLIS,
                                          APLC
11                                        LEE A. SHERMAN

12

13 By: _____/s/_____
                                                   Lee A. Sherman

14
   Attorneys for Plaintiff
15                                        ELIZABETH LAVALLE

16
   Dated:  August 10, 2009               STROOCK & STROOCK & LAVAN LLP
17                                        JULIA B. STRICKLAND
                                          BRIAN C. FRONTINO
18                                        ERIC Y. HWANG

19
   By: _____/s/_____
20                                                 Brian C. Frontino

21 Attorneys for Defendant
                                          CHEXSYSTEMS, INC.
22

23
   **IT IS SO ORDERED.**
24

25 Dated: August 11, 2009               _____
                                               Honorable Robert N. Block
26                                         United States Magistrate Judge

27

28

- 11 -

LA 51156914v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation for Entry of Protective Order and Protective Order ("Stipulation and Order") entered by the United States District Court for the Central District of California in the case of <u>Elizabeth Lavalle v. ChexSystems</u>, Case No. SA CV08-1383 AHS (RNBx). I agree to comply with and to be bound by all the terms of this Stipulation and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulation and Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                           [printed name]
Signature: _____
                           [signature]

- 12 -

LA 51156914v2