**CALLAHAN, THOMPSON, SHERMAN**
  **& CAUDILL, LLP**
LEE A. SHERMAN  (SBN 172198)
2601 Main Street, Suite 800
Irvine, California  92614-3397
Tel:   (949) 261-2872
Fax:   (949) 261-6060
E-mail: lsherman@ctsclaw.com

Attorneys for Plaintiffs,
  **ELIZABETH LAVALLE,**
  **and all others similarly situated**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH LAVALLE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CHEXSYSTEMS and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | Case No.:  SACV 08-01383 AHS (RNBx)<br>Judge:  Hon. Alicemarie Stotler<br>Courtroom: 10-A<br>Complaint Date:  December 4, 2008<br><br>**NOTICE OF MOTION AND MOTION FOR ORDERS:**<br><br>**1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>**2) GRANTING A SERVICE FEE OF $2,500.00 TO CLASS REPRESENTATIVE, LAVALLE; AND**<br><br>**3) GRANTING ATTORNEY'S FEES AND COSTS PURSUANT TO FRCP 54(d)(2) & 23(h)**<br><br>(Served concurrently with Declarations of Lee A. Sherman, Elizabeth LaValle and Jenny Cudworth in support of motion and [Proposed] Order)<br><br>Date:　　　October 3, 2011<br>Time:　　　10:00 a.m.<br>Courtroom: 10-A |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 3, 2011, at 10:00 a.m., in Courtroom 10-A of the above entitled court located at 411 West Fourth Street,

- 1 -

1  Santa Ana, CA 92701, Plaintiff Elizabeth LaValle, on behalf of herself and the
2  settlement class will and hereby does move the Court for Orders granting final
3  approval of the Settlement of this Class Action, granting a service fee of $2,500.00
4  to LaValle as class representative, and granting attorney's fees and costs in the
5  amount of $90,000.00 to class counsel.

6        This motion is made pursuant to Federal Rules of Civil Procedure, Rules
7  23(e), 23(h) and 54(d)(2) on the grounds that the parties reached a fair, adequate,
8  and reasonable settlement of the claims set forth in this matter.  The settlement
9  included identification of, stipulation to, and preliminary approval of a proposed
10 class, a comprehensive notice program instituted by a neutral third party claims
11 administrator, and monetary payments to qualifying class members.  The notice
12 program and claim process have been administered in accordance with this Court's
13 order granting preliminary approval of the settlement, ***there have been no***
14 ***objections filed***, and the matter is now appropriate for final approval.

15       This Motion will be based on the Notice; the Memorandum of Points and
16 Authorities in support thereof; the Declarations of Lee A. Sherman, Elizabeth
17 LaValle and Jenny Cudworth in support of this motion, filed concurrently
18 herewith; the papers and records on file herein; and such other further oral and
19 documentary evidence as may be presented at or before the hearing of this motion.

20

21 Dated: _____   **CALLAHAN, THOMPSON, SHERMAN**
22                                        **& CAUDILL, LLP**

23                           By: _____
                                LEE A. SHERMAN
24                                 Attorneys for Plaintiffs,
                                ELIZABETH LAVALLE,
25                                 individually, and on behalf of
                                all others similarly situated

26

27

28

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 2

   A. The Parties ................................................................................................ 2

      1. The Class Representative ...................................................................... 2

      2. The Settlement Class ............................................................................. 2

      3. The Defendant ....................................................................................... 3

   B. The Litigation ............................................................................................ 3

   C. The Court Has Already Granted Preliminary Approval of the Settlement ............ 4

   D. The Claims Process has Proceeded According to the Order for Preliminary Approval and the Response from the Class has Been Favorable to the Settlement ........ 5

III. THE SETTLEMENT SATISFIES FINAL APPROVAL CRITERIA. .................... 7

   A. This Settlement is Fair, Adequate, and Reasonable and Does Not Given Preferential Treatment to Any Segment of the Settlement Class .................................... 8

   B. This Settlement is the Product of Serious, Informed, and Non-Collusive Negotiation. ........................................................................................ 10

   C. The General Reaction to the Settlement from the Class has Been Favorable. ..... 11

   D. Payment of the Enhancement to the Class Representative is Proper Under these Circumstances ..................................................................................... 11

   E. The Stipulated Award of Fees and Costs to Callahan, Thompson, Sherman and Caudill is Justified. .............................................................................. 12

IV. CONCLUSION ............................................................................................ 14

1 **TABLE OF AUTHORITIES**

**Cases**

*Girsh v. Jepson*
   521 F.2d 153 (3d Cir. 1975) .................................................................................... 8

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ................................................................................ 8

*Hensley v. Eckerhart*
   461 U.S. 424 (1983) .............................................................................................. 12

*Officers for Justice v. Civil Service Comm'n of the City and County of San Francisco,*
   688 F.2d 615 (9th Cir. 1982) ............................................................................ 7, 8

*Staton v. Boeing Co.*
   327 F.3d 938 (9th Cir. 2003) ............................................................................... 11

*Touhey v. U.S.*
   2011 U.S. Dist. LEXIS 81308 (C.D.CA July 25, 2011) ................................... 6

*Van Vranken v. Atlantic Richfield Co.*
   901 F.Supp. 294 (N.D. Cal. 1995) ...................................................................... 11

*Walter v. Hughes Communs., Inc.*
   2011 U.S. Dist. 72290 (N.D.CA July 6, 2011) ................................................. 6

*White v. Experian Information Solutions, Inc.*
   2011 U.S. Dist. LEXIS 79126 (C.D.CA July 15, 2011) ................................... 6

**Statutes**

15 U.S.C. § 1681 ........................................................................................................ 2

15 U.S.C. § 1681a...................................................................................................... 2

15 U.S.C. § 1681i ...................................................................................................... 3

15 U.S.C. § 1681n .............................................................................................. 9, 12

15 U.S.C. § 1681o .............................................................................................. 9, 12

1 | *Business and Professions Code* § 17200 .............................................................................. 3
2 | *Civil Code* § 1785.15 .......................................................................................................... 2, 3
3 | Civil Code § 1785.3 .................................................................................................................. 2
4 | Code of Civil Procedure § 1021.5 ........................................................................................ 12
5 |
6 | **Rules**
7 | Federal Rules of Civil Procedure, Rule 23 ............................................................................. 7
8 |
9 | **Treatises**
10 | Newberg on Class Actions (4th Ed. 2002) § 11:38 ............................................................... 11

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Parties herein request that the Court issue Orders granting Final Approval of the Class Action Settlement, granting the requested $2,500.00 service fee to the class representative and granting class counsel's request for an award of $90,000.00 in fees and costs.

On December 4, 2008, Named Plaintiff, Elizabeth LaValle, filed suit against Defendant, ChexSystems, Inc., claiming *inter alia* that she and others similarly situated were denied the statutorily given right to have a consumer statement of dispute placed on her Chex Systems report. Following a period for discovery and investigation, the parties reached a settlement. On March 25, 2011, after extensive briefing, this Court granted preliminary approval of the Class Action Settlement and approved the Notice, claims, opt-out, and objection procedures. The Court also found that the Notice of Settlement would serve as sufficient notice to the class of the class representative's request for a service fee and of class counsel's request for attorney's fees and costs in the amount of $90,000.00. Thus, the Court held that it would hear any motion for attorney's fees at the Final Approval Hearing.[1]

All requirements in the Order Granting Preliminary Approval have been met by the Parties.[2] Because the settlement is, as was preliminarily found, fundamentally fair, adequate, and reasonable, it should be granted final approval and appropriate fee awards are warranted.

///

///

---

[1] Doc. No. 37.

[2] *See* Declarations of Lee A. Sherman and Jenny Cudworth.

CTSC law CALLAHAN THOMPSON SHERMAN & CAUDILL LLP

## II. STATEMENT OF FACTS

### A. THE PARTIES

#### 1. The Class Representative

Plaintiff Elizabeth LaValle is a consumer who alleges that Defendant ChexSystems, Inc., failed to include in its credit reporting databases a consumer statement she submitted pursuant to her statutory right to do so (15 U.S.C. Section 1681(b) & *Civil Code* Section 1785.15(f)) concerning a financial matter that she disputed. Ms. LaValle further alleges that Defendant is a consumer credit reporting agency in that it prepares and provides reports on consumers' banking practices to banks and financial institutions and that it did, in LaValle's case, prepare and disseminate reports to financial institutions without the explanatory statement. Ms. LaValle also alleges that this was Defendant's policy and a widespread practice and that, as the result, she and persons similarly situated to her were excluded from access to opening and using bank accounts, among other things.

#### 2. The Settlement Class

The Settlement Class is comprised of 2,926 persons and is defined as:

> All consumers, as defined by 15 U.S.C. Section 1681a(c) and/or California Civil Code Section 1785.3(b), who requested that Chex Systems add the consumer's statement of dispute to the consumer's Chex Systems consumer report, but who Chex Systems sent a Claimed Letter on or after September 15, 2006 and up to the date of entry of the Preliminary Approval Order by the Court.[3]

The Settlement Class was ascertained using Defendant's business records, which identified the specific consumers to whom ChexSystems sent one or more Claimed Letter(s) denying publication of the consumer's statement of dispute. Notably, some class members were issued multiple letters, which necessitated the

---

[3] Settlement, § 1.15.

previously approved claims process.

### 3. The Defendant

ChexSystems, Inc. provides a network comprised of member financial Institutions that regularly contribute information on mishandled checking and savings accounts to a central location, which its members then have access to in order to determine any risk they may have in opening an account for an individual. ChexSystems, Inc. operated the Chex Systems network during the relevant class period.

### B. THE LITIGATION

On December 4, 2008, Ms. LaValle filed a class action complaint against ChexSystems, Inc. In her Class Action Complaint, Ms. LaValle alleged claims for: (1) willful failure to include consumer statements (15 U.S.C. Section 1681i(b) & *Civil Code* Section 1785.15(f)); (2) negligent failure to include consumer statements of dispute (15 U.S.C. Section 1681i(b) & *Civil Code* Section 1785.15(f)); and (3) unfair business practices (*Business and Professions Code* Section 17200 et seq.).

As part of discovery in this matter, ChexSystems admitted that it excluded Ms. LaValle's proposed consumer statement, as well as others by class members. However, ChexSystems, Inc. denies liability, contending, among other things, that it was justified to exclude from acceptance and publication such consumer statements which contain the identities of third parties not involved in the dispute between the consumer and the disputed information furnisher. Specifically, ChexSystems disputed both willfulness and liability asserting that it had appropriate and legal reasons for excluding the dispute statements in question. As such, ChexSystems, Inc., denies liability for violation of the relevant credit reporting statutes and denies liability for damages.

///

The parties engaged in discovery, including written discovery and the exchange of documents including ChexSystems letters, records and policies. The matter was set for trial on May 24, 2011.

The parties entered settlement negotiations and negotiated for several months including the informal exchange of information related to class members, class size and ChexSystems records and in January 2011 agreed to the Stipulation and Agreement of Settlement. Based on their own respective independent investigations and evaluations and after taking into account the sharply disputed factual and legal issued involved in this matter, the risks attending further prosecution, the result of discovery and investigation, and the substantial benefits provided to class and the public as the result of the settlement, the Parties and their respective counsel came to the opinion that the settlement was fair, reasonable, adequate, and in the best interests of Ms. LaValle, the Class Members, and ChexSystems, Inc.

### C. THE COURT HAS ALREADY GRANTED PRELIMINARY APPROVAL OF THE SETTLEMENT.

On March 25, 2011, after extensive briefing and oral argument, this Court granted preliminary approval of the Settlement. The Settlement Class was certified for the purpose of this Settlement.[4] The Court determined that the terms of the Settlement were reasonable and the Settlement was granted preliminary approval.[5] Elizabeth LaValle was appointed to serve as Class Representative[6] and Callahan, Thompson, Sherman & Caudill, LLP was appointed to serve as Class Counsel[7]. The procedures for distributing Notice and Claim Forms, opting out, and objecting

---

[4] Preliminary Approval Order of Class Action Settlement, Doc No. 41, at ¶ 2.
[5] *Id.* at ¶ 3.
[6] *Id.* at ¶ 5.
[7] *Id.* at ¶ 4.

to the Settlement were approved.[8] The Court set the date of August 26, 2011 for the hearing of this Motion for Final Approval of Class Action Settlement.[9] This hearing date was subsequently continued to October 3, 2011 because the claims process had not been completed by the time for filing of a motion for final approval.[10]

### D. THE CLAIMS PROCESS HAS PROCEEDED ACCORDING TO THE ORDER FOR PRELIMINARY APPROVAL AND THE RESPONSE FROM THE CLASS HAS BEEN FAVORABLE TO THE SETTLEMENT.

Notice of Class Action Settlement ("Notice") and Claim Forms were mailed to 2,926 Class Members by Kurtzman Carson Consultants LLC ("KCC") on May 9, 2011.[11]

Objections to the Settlement, if any, were due to be filed with the Court and served on counsel for the Parties no later than August 8, 2011.[12] However, no objections to the Settlement were filed or served.[13] The time to object has now expired and no late objections are anticipated. There has literally been no objection to the settlement, service fee, or request for attorney's fees.[14]

Only two Class Members out of the 2,926 Class Members opted to exclude themselves from the settlement.[15] Exclusions were due to be postmarked to KCC on or before August 8, 2011[16], now nearly a month ago. The time in which to request exclusion has expired and no late exclusions are anticipated. The exclusion rate is therefore less than 1/10th of 1 percent.

---

[8] *Id.* at ¶¶ 6-12.
[9] *Id.* at ¶ 11.
[10] Order Continuing Final Approval Hearing for Class Action Settlement, Dkt. 45.
[11] Declaration of Jenny Cudworth at ¶ 6.
[12] Preliminary Approval Order of Class Action Settlement, Dkt. 41, at ¶ 12.
[13] Declaration of Lee A. Sherman at ¶ 9; Declaration of Jenny Cudworth at ¶ 11.
[14] Declarations of Lee A. Sherman and Jenny Cudworth.
[15] Declaration of Jenny Cudworth at ¶ 10.
[16] Preliminary Approval Order of Class Action Settlement, Dkt. 41, at ¶ 8.

1  Of the 2,926 Class Members to whom Notice was sent, 531 persons have
2  timely submitted valid Claim Forms for 2,050 out of 3,409 Claimed Letters.[17]  This
3  amounts to a high claims rate of over 18% and over 60% of the total outstanding
4  Claimed Letters disclosed by ChexSystems.  This is higher than most consumer
5  cases of this type[18] and indicative of the excellent relief obtained.  The mailings to
6  788 addresses were returned as undeliverable.[19]  267 Notice and Claim Forms were
7  re-mailed on July 18, 2011, following KCC's search of the National Change of
8  Address database and/or forwarding addresses being provided by the United States
9  Postal Service.[20]  Of these, 45 were returned.[21]

10  Sections 5.3-5.6 of the Settlement provide the procedures for claims
11  administration.  The procedure provides that each Class Member who files a Claim
12  Form is entitled to disbursement as if he or she had received one Claimed Letter
13  ($82.00).[22]  If a Class Member indicates, where provided, that he or she received
14  more than one Claimed Letter, the number indicated by the Class Member is cross-
15  referenced against ChexSystems records.[23]  If ChexSystems determines that the
16  Class Member was incorrect in the number of Claimed Letters received, the Class
17  Member is entitled to the number of Claims Letters ChexSystems records
18  establish, but is sent a deficiency notice allowing the Class Member to produce
19  evidence of receiving more Claimed Letters[24] and an opportunity to collect

---

[17] Declaration of Jenny Cudworth at ¶ 12; Declaration of Lee A. Sherman at ¶ 11.
[18] *See e.g. Touhey v. U.S.*, 2011 U.S. Dist. LEXIS 81308, *21 (C.D.CA July 25, 2011) (finding that a 2% response rate was acceptable where there were no objections and the settlement was fair to the class members); *White v. Experian Information Solutions, Inc.*, 2011 U.S. Dist. LEXIS 79126, *35 (C.D.CA July 15, 2011) (finding that a 5% response rate did not affect the fairness of the settlement); *Walter v. Hughes Communs., Inc.*, 2011 U.S. Dist. 72290, *35 (N.D.CA July 6, 2011) (stating, "average claims submission rates in [consumer] class actions are typically ten percent or less.").
[19] Declaration of Jenny Cudworth at ¶ 7.
[20] *Id.* at ¶ 8.
[21] *Id.*
[22] *Id.* at ¶ 13.
[23] *Id.*
[24] *Id.*

1 payment for each letter established. As of September 1, 2011, 372 Claim Forms
2 have been identified as indicating more Claimed Letters than ChexSystems
3 verified.[25] These Class Members were mailed deficiency letters on August 25,
4 2011, with the deadline to respond being September 16, 2011.[26]

### III.  THE SETTLEMENT SATISFIES FINAL APPROVAL CRITERIA.

Federal Rules of Civil Procedure, Rule 23(e) requires the Court to determine whether this settlement is fundamentally fair, adequate, and reasonable. The Ninth Circuit provides the following factors that may be considered in evaluating the fairness of a class action settlement:

> The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. *Officers for Justice v. Civil Service Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

In evaluating a class action settlement, the private consensual agreement negotiated by the parties is entitled to deference and the Court's role "is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* The settlement is considered as a whole, rather than in its

---

[25] *Id.*
[26] *Id.*

1  component parts, when determining if it is fair, reasonable and adequate. *Hanlon
2  v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

3  "The relative degree of importance to be attached to any particular factor
4  will depend upon and be dictated by the nature of the claim(s) advanced, the
5  type(s) of relief sought, and the unique facts and circumstances presented by each
6  individual case." *Officers for Justice*, 688 F.2d at 625. In assessing the fairness,
7  reasonableness and adequacy of the Settlement, the Court should balance the
8  benefits of the settlement against the continuing risks of litigation. *Girsh v.
9  Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

10  After determining that the settlement meets the criteria for preliminary
11  approval, the Court granting final approval of the settlement should consider the
12  reaction of the class members to the proposed settlement. *Officers for Justice*, 688
13  F.2d at 625. This Court has already ruled preliminarily that the Settlement appears
14  to be fair, adequate, and reasonable as required under *Hanlon* and the reaction of
15  the Class Members has been uniformly supportive.

16  **A.     THIS SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE AND
17           DOES NOT GIVEN PREFERENTIAL TREATMENT TO ANY SEGMENT OF
18           THE SETTLEMENT CLASS.**

19  Ms. LaValle's essential allegations of fact are not in serious dispute; she
20  submitted a statement of facts relating to a financial matter. ChexSystems admits
21  that it did not publish her statement, but argues that it was not required to do so and
22  justified in not doing so because she included third-parties within her statement of
23  dispute. ChexSystems fears that if it included Ms. LaValle's statement of dispute,
24  it would potentially subject itself to liability for third-party defamation suits, which
25  cannot be consistent with the legislative intent of the consumer statement statute.
26  Ms. LaValle, however, argues that the consumer statement statute does not limit
27  statements of dispute to statements that do not refer to third-parties. Therefore, the
28

turning point issues include liability, willfulness, and the difference in damages recovery (as mentioned below). Both Parties believe in their positions, and both Parties recognize the risk involved in taking their case to trial.

The amount offered in settlement appears fair to counsel for the Parties and the amount has been reached at arm's length negotiation. The settlement derives from experience rather than a meticulous analysis of actual damages. In this case, the amount of actual damages resulting from the inability to open a checking account because of adverse information on a credit report (or other claimed events such as the refusal of third parties to accept checks from class members) is difficult, if not impossible, to quantify.

For negligent failure to comply with the consumer statement statute, the plaintiff receives only actual or nominal damages, plus potentially costs and attorney's fees. 15 U.S.C. § 1681o(a). Only where the consumer can prove willful noncompliance may he or she recover actual damages (without limitation) or damages no less than $100.00 nor greater than $1,000.00. 15 U.S.C. § 1681n(a)(1)(A).

ChexSystems' argument that it did not publish Ms. LaValle's statement of dispute out of fear of a third-party defamation claim is potentially a serious threat to the Class because a trier of fact may have determined this argument to be sufficient to defeat a finding of willfulness, which would have been required to recover more than nominal damages in this case. Here, at $82.00 per event (Claimed Letter), the award of damages appears to experienced litigators to be fair, reasonable and adequate. In fact, it is nearly the minimum amount that must be paid if willfulness were to be proven. Certainly, this amount appears to be more than a nominal damage award and may be more than any actual damages Ms. LaValle or class members would be able to prove at trial. In addition, $82.00 multiplied by the total number of Claimed Letters ChexSystems has disclosed is

$279,538.00.  The total number of Claimed Letters will not be ascertained until after September 16, 2011 when the last of the Class Members have responded to their deficiency notices.

Furthermore, the Settlement consists of a valuable stipulated injunction changing ChexSystems's procedures.  Section 3.2 of the Settlement provides that ChexSystems is no longer able to reject consumer statements of dispute for the reason that it includes the name of a third-party business or financial institution.  Additionally, for the next two years, anytime ChexSystems seeks to reject a consumer statement of dispute because it includes the name of a third-party, ChexSystems must place the disputed item into disputed status for 120 days, notify the consumer of the problem and allow for resubmission of a modified statement of dispute.  These business practice changes are significant both to the Class Members, whose statements will now be published and to the general public who will also reap the benefits of the changes.  The business practice changes alone carry significant value.

**B.     THIS SETTLEMENT IS THE PRODUCT OF SERIOUS, INFORMED, AND NON-COLLUSIVE NEGOTIATION.**

The settlement comes at a sufficiently mature stage in the course of litigation and is the product of serious, informed, non-collusive negotiation.  Through formal discovery, voluntary exchanges, and considerable negotiation, the parties have exchanged sufficient information to apprise each to the strengths and weaknesses of their cases.  Counsel for the Parties have considerable experience in the litigation of class actions (and consumer class actions in particular) and in assessing settlement values. The Parties believe that further discovery at this stage is not likely to result in a different settlement outcome.  It is their considered opinion that material facts have been sufficiently elucidated, that the law has been carefully analyzed, that the risks of litigation have been assessed, and that the

amounts offered in settlement are fair, adequate and reasonable.[27]

### C. THE GENERAL REACTION TO THE SETTLEMENT FROM THE CLASS HAS BEEN FAVORABLE.

The Class Members' reaction to the Settlement has been favorable. According to the terms of the Settlement and this Court's Order granting preliminary approval, objectors to the Settlement must have filed with the Court and served on counsel for the Parties their objections to the Settlement by August 8, 2011. No Class Members served a notice of intent to object to the Settlement. Further, only two class members have requested exclusion from the Settlement.[28] Additionally, 18% of the class provided Claim Forms.

### D. PAYMENT OF THE ENHANCEMENT TO THE CLASS REPRESENTATIVE IS PROPER UNDER THESE CIRCUMSTANCES.

The Court will be justified to permit compensation to the Class Representative for her service to the Plaintiff Class. Newberg on Class Actions (4th Ed. 2002) § 11:38; *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294 (N.D. Cal. 1995).

In *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003), the court identified the following factors, among others, to be considered in approving enhancements to a named plaintiff: the actions the plaintiff has taken to protect the interests of the class and the degree to which the class has benefited from those actions.

Here, there is but one Class Representative, Ms. LaValle, and the Settlement provides that she receive $2,500.00 for her services to the class in this matter. Ms. LaValle educated class counsel and staff in order that they would become better

---

[27] *See* Declaration of Lee A. Sherman at ¶ 6.
[28] *See* Declaration of Jenny Cudworth at ¶ 15.

able to develop the facts in this case, and without her work, the class members would likely receive no benefit. Ms. LaValle's work on this case included: review of documents produced by ChexSystems; assistance with drafting the complaint; assistance with reviewing and responding to formal and informal discovery; being available throughout the period settlement offers were received and providing insight as to what was in the best interests of the Class.[29] In total, Ms. LaValle spent between thirty and forty hours working on this case over the last few years.[30] The requested service fee will not reduce or affect in any way the overall recovery to the Class and it was not made a condition of her support for the settlement.

Based on the significant contributions to the Class, Class Counsel believes that the requested enhancement of $2,500.00 to Ms. LaValle is reasonable and proper, well within precedent, and in proportion to Class Member claims.

### E. THE STIPULATED AWARD OF FEES AND COSTS TO CALLAHAN, THOMPSON, SHERMAN AND CAUDILL IS JUSTIFIED.

An award of attorneys' fees is justified in a case such as this. Plaintiff's counsel would be entitled to recover fees under 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) and, with respect to the state claims, for conferring a benefit on the general public pursuant to California Code of Civil Procedure § 1021.5. The United States Supreme Court has endorsed this type of consensual resolution of attorneys' fee issues as the ideal to which litigants should strive. In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), the Supreme Court stated: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."

///

---

[29] Declaration of Lee A. Sherman at ¶ 8; see also Declaration of Elizabeth LaValle.
[30] *Id.*

As part of the Settlement, Defendant has agreed not to oppose an award of $90,000.00 in attorneys' fees and costs. The amount of attorneys' fees and costs requested will not affect or reduce the overall recovery to the Class. The parties negotiated this amount only after the amount and type of class relief was agreed upon. This action has been litigated for two years and has involved complex issues of law.

The amount of plaintiff's counsel's attorneys' fees sought in this case is supported by a lodestar analysis with no multiplier. In fact, the actual amount of time spent on this case exceeds the $90,000 fee award sought. Furthermore, given the total amount of settlement funds available through this settlement and the substantial value of the business practice changes, the fee award sought is reasonable and within the appropriate range for this case. In short, it is a reasonable amount that is based on usual and customary charges for experienced counsel in the litigation of matters such as this. The formulation of the amount of fees is also what any member of the Settlement Class would likely encounter in seeking to litigate the matter individually. Plaintiff's counsel provided representation on a contingency basis and the extensive work required in this litigation has required the firm to forego significant other work and advance costs, and has resulted in a decline in the firms' annual income at a time when routine business expenses still had to be met.[31]

In light of the substantial benefit to the Class and the significant amount of work performed in the litigation of this action, Plaintiff requests this Court to grant the proposed award of attorneys' fees and costs.

///

---

[31] Declaration of Lee A. Sherman.

## IV. CONCLUSION

The Settlement achieves a fair, reasonable, and adequate result given the risks and delays inherent in the litigation and the complexity and expense if the case were to proceed to trial. Accordingly, counsel for the Parties respectfully requests the Court grant final approval of the Settlement.

Respectfully submitted,

Dated: _____  **CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP**

By: /s/ Lee A. Sherman_____
LEE A. SHERMAN
Attorneys for Plaintiffs,
ELIZABETH LAVALLE,
individually, and on behalf of
all others similarly situated

M-Final Approval - LaValle 20110830