NOTE: CHANGES MADE BY THE COURT

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ELIZABETH LAVALLE, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>CHEXSYSTEMS and DOES 1 to 10, inclusive,<br><br>          Defendants. | CASE NO.:  SACV 08-01383 AHS (RNBx)<br>JUDGE:     HON. ALICEMARIE H. STOTLER<br>COMPLAINT DATE:  DECEMBER 4, 2008<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Date:       October 3, 2011<br>Time:      11:30 a.m.<br>Courtroom:  6-A |

WHEREAS, the above-referenced action currently is pending before this Court, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, California's Consumer Credit Reporting Agencies Act, California Civil Code Sections 1785.1 through 1785.36, and California's Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.*, against defendant ChexSystems, Inc. ("ChexSystems") by plaintiff Elizabeth Lavalle ("Plaintiff"). ChexSystems has denied the allegations and asserted numerous defenses;

WHEREAS, on March 25, 2011, the Court entered a Preliminary Approval Order preliminarily approving the settlement of the Action pursuant to the Stipulation and Agreement of Settlement ("Agreement"), which, together with the

exhibits annexed thereto, sets forth the terms and conditions of the settlement and for dismissal of this Action in its entirety with prejudice as against all Released Parties, as defined in the Agreement, upon the terms and conditions set forth therein;

WHEREAS, counsel for the parties appeared before the Court and requested final approval of the settlement;

WHEREAS, due and adequate notice of the settlement having been given pursuant to the Preliminary Approval Order and the Agreement, and the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  All terms and phrases used in this Final Approval Order and Final Judgment shall have the same meanings ascribed to them in the Agreement, which is attached hereto as Exhibit 1.

2.  This Court has jurisdiction over the subject matter of the Action and over all Parties, including all persons in the Settlement Class.

3.  This Court previously preliminarily approved the settlement. This Court hereby finally approves the settlement, finds the settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class (as defined below), and hereby directs that it shall be effectuated in accordance with its terms.  The Court further finds that Plaintiff and Class Counsel are adequate representatives of the Settlement Class.

4.  In giving final approval of the Settlement, the Court finds that the Settlement Class consists of all persons who did not exclude themselves from the settlement and the Settlement Class, which is defined in the Agreement and the Preliminary Approval Order as:

> All consumers, as defined by 15 USC Section 1681a(c) who, on or after September 15, 2006 and up to and including March 25, 2011, requested that ChexSystems include a consumer statement of dispute on the consumer's ChexSystems consumer report, but whose proposed statement of dispute was rejected and not included by

1    ChexSystems on the consumer's ChexSystems consumer report.

2    5.    The Court hereby dismisses the Action in its entirety with prejudice.

3    6.    As of the date this Order becomes final, Plaintiff, and each Settlement

4    Class Member who has not opted out, acknowledge full satisfaction of, and fully,

5    finally and forever settle, release and discharge the Released Parties of and from, all

6    Released Claims.   Subject to the Court's approval, all Settlement Class Members

7    shall be bound by the Agreement and all of their Released Claims shall be released as

8    against the Released Parties, even if they never received actual notice of the

9    settlement prior to the Final Fairness Hearing.

10    7.    Plaintiff, for herself and for each Settlement Class Member,

11    acknowledges that she is aware that she may hereafter discover facts in addition to or

12    different from those that she now knows or believes to be true with respect to the

13    subject matter of these releases, but it is her intention to, and she does hereby, upon

14    entry of this Final Approval Order and Judgment, fully, finally and forever settle and

15    release any and all Released Claims, without regard to the subsequent discovery or

16    existence of such different or additional facts. Plaintiff, for herself and for each

17    Settlement Class Member, waives any and all rights and benefits afforded by

18    California Civil Code section 1542, which provides as follows:

19    A GENERAL RELEASE DOES NOT EXTEND TO
20    CLAIMS WHICH THE CREDITOR DOES NOT KNOW
      OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
21    THE TIME OF EXECUTING THE RELEASE, WHICH
      IF KNOWN BY HIM OR HER MUST HAVE
22    MATERIALLY AFFECTED HIS OR HER
      SETTLEMENT WITH THE DEBTOR.

23

24    Plaintiff and each Settlement Class Member understand and acknowledge the

25    significance of this waiver of California Civil Code section 1542 and/or of any other

26    applicable federal or state law relating to limitations on releases.

27    8.    The Class Representative enhancement of $2,500.00 to Elizabeth

28

- 3 -

FINAL APPROVAL ORDER AND JUDGMENT

LaValle is fair and proper under the circumstances of this case.

9. The stipulated attorneys' fees and costs award of $90,000.00 to Plaintiff's counsel, Callahan, Thompson, Sherman & Caudill, LLP is fair and reasonable under the circumstances of this case.

10. The settlement and stipulated injunction is fair, reasonable, and adequate to the Settlement Class and to the public as a whole.

11. The Notice of settlement provided to the Settlement Class pursuant to the Preliminary Approval Order and the Agreement was the best notice practicable, consisting of the Mailed Notice and Claim Form sent to the Settlement Class Members. The Notice provided valid, due and sufficient notice of the Action, and of the proposed settlement, to all persons entitled to such notice, and the Notice fully satisfies the requirements of due process and the Federal Rules of Civil Procedure.

12. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*: (a) implementation and administration of the settlement; (b) distribution of Settlement Payments to Settlement Class Members under the terms of the Agreement; and (d) all Parties hereto, for the purpose of enforcing and administering the Settlement.

13. The Parties shall bear their own attorneys' fees and costs, except as otherwise ordered by the Court.

**IT IS SO ORDERED.**

DATED: October 5, 2011.

# ALICEMARIE H. STOTLER

Honorable Alicemarie H. Stotler
United States District Judge

FINAL APPROVAL ORDER AND JUDGMENT

# EXHIBIT 1

CALLAHAN, THOMPSON, SHERMAN
& CAUDILL, LLP
LEE A. SHERMAN (State Bar No. 172198)
2601 Main Street, Suite 800
Irvine, California 92614
Telephone: 949-261-2872
Facsimile: 949-261-6060
Email: lsherman@ctsclaw.com

Attorneys for Plaintiffs
**ELIZABETH LAVALLE and all those similarly situated**

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
BRIAN C. FRONTINO (State Bar No. 222032)
2029 Century Park East, Suite 1600
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
Email: lacalendar@stroock.com

Attorneys for Defendant
**CHEX SYSTEMS, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH LAVALLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEXSYSTEMS and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case No. SACV 08-01383 AHS (RNBx)<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br><br><br>Action Filed:  December 4, 2008 |

This Stipulation and Agreement of Settlement ("Agreement") is entered into by and between plaintiff Elizabeth Lavalle ("Plaintiff"), individually and as a representative of the proposed Settlement Class (defined in Paragraph 1.15 below), on the one hand, and defendant Chex Systems, Inc. ("Chex Systems"), on the other. The Settlement (defined in Paragraph 1.14 below) is subject to preliminary and final approval by the Court. This Agreement is intended by the Settling Parties (defined in Paragraph 1.17 below) to fully, finally and forever resolve, discharge and settle the Released Claims (defined in Paragraph 1.12 below), upon and subject to the terms and conditions hereof.

The following recitals are material terms of this Agreement. This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.     On December 4, 2008, Plaintiff filed an action in the United States District Court, Central District of California, Southern Division, captioned <u>Elizabeth Lavalle v. ChexSystems</u>, Case No. SACV 08-01383. In her Complaint (defined in Paragraph 1.7 below), Plaintiff alleges, among other things, that Chex Systems improperly refused to add her statement of dispute regarding an item on her Chex Systems consumer report that she unsuccessfully disputed with Chex Systems. Plaintiff alleges that Chex Systems' refusal to add her consumer statement of dispute to her Chex Systems consumer report violated provisions of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, <u>et seq.</u> (the "FCRA"), California's Consumer Credit Reporting Agencies Act, Civil Code Sections 1785.1 through 1785.36 (the "CCRAA") and California's Unfair Competition Law, California Business and Professions Code Section 17200, <u>et seq.</u> (the "UCL").

B.     Chex Systems vigorously denies all allegations of wrongdoing and all claims asserted against it in the Action (defined in Paragraph 1.1 below), and has asserted numerous defenses as to both liability and damages that it continues to believe are meritorious.

- 1 -

1        C.     This Agreement results from negotiations and analysis by counsel

2 knowledgeable and experienced in class action litigation.

3        D.     The Settling Parties understand, acknowledge and agree that the

4 execution of this Agreement constitutes the settlement and compromise of disputed

5 claims.  This Agreement is inadmissible as evidence against any party except to

6 enforce the terms of the Settlement and is not an admission of wrongdoing or

7 liability on the part of any party to this Agreement.  It is the Settling Parties' desire

8 and intention to effect a full, complete and final settlement and resolution of all

9 existing disputes and claims as set forth herein.

10        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and

11 between Plaintiff (for herself and the proposed Settlement Class) and Chex Systems

12 that, subject to the Court's approval, the Action and the Released Claims shall be

13 finally and fully compromised, settled and released, and the Action shall be

14 dismissed with prejudice, upon and subject to the terms and conditions of this

15 Agreement, as follows:

## I. DEFINITIONS

17      1.1.    "Action" means and refers to the action entitled Elizabeth Lavalle v.

18 ChexSystems, United States District Court, Central District of California, Southern

19 Division, Case No. SACV 08-01383, including all filings and proceedings therein.

20      1.2.    "Chex Systems' Counsel" means Stroock & Stroock & Lavan LLP,

21 2029 Century Park East, Suite 1600, Los Angeles, California 90067.

22      1.3.    "Claimed Letter" means the letter that Chex Systems sends to a

23 consumer, the form of which is attached hereto as Exhibit A, when advising the

24 consumer that Chex Systems is unable to fulfill the consumer's request to add a

25 consumer's statement of dispute regarding an item on the consumer's Chex System

26 consumer report because the consumer statement does not comply with Chex

27 Systems' policies governing consumer statements of dispute.

28

1     1.4.   "Claim Form" means the claim form pursuant to which Settlement Class

2 Members can submit claims, the Settling Parties' proposed form of which is attached

3 to the Class Notice (defined in Paragraph 1.6 below).

4     1.5.   "Class Counsel" means Callahan, Thompson, Sherman & Caudill, LLP,

5 2601 Main Street, Suite 800, Irvine, California 92614.

6     1.6.   "Class Notice" means the written Notice of Proposed Class Action

7 Settlement and Hearing to be mailed to Settlement Class Members in connection

8 with the Settlement, the Settling Parties' proposed form of which is attached hereto

9 as Exhibit B.

10     1.7.   "Complaint" means Plaintiff's Class Action Complaint dated and filed

11 in the Action on December 4, 2008.

12     1.8.   "Court" means the United States District Court, Central District of

13 California, Southern Division.

14     1.9.   "Final" means the later of:  (i) the date on which the Final Approval

15 Order and Final Judgment entered by the Court in connection with this settlement

16 becomes final, i.e., thirty-five (35) days after the entry of the Final Approval Order

17 and Final Judgment if no appeal is filed; (ii) if an appeal is taken, the date of final

18 affirmance of the Final Approval Order and Final Judgment on such appeal, the

19 rejection of any petition for review or certiorari or the expiration of the time for the

20 filing of a petition for review or certiorari in the highest appellate court to which an

21 appeal is or can be taken and, if review is granted, the date of final affirmance

22 following review; or (iii) the final dismissal or filing of a notice of abandonment of

23 any such appeal or of any proceedings on review or certiorari to the highest appellate

24 court to which an appeal is or can be taken.

25     1.10.  "Final Approval Order and Final Judgment" refers to the Judgment to be

26 entered in the Action in connection with the Settlement, the Settling Parties'

27 proposed form of which is attached hereto as Exhibit D, entered without material

28 modification by the Court.

1      1.11. "Preliminary Approval Order" means the Order to be submitted to the

2  Court in connection with the preliminary approval hearing on the Settlement, the

3  Settling Parties' proposed form of which is attached here as Exhibit C, entered

4  without material modification by the Court.

5      1.12. "Released Claims" means and includes any and all duties, obligations,

6  demands, claims, actions, causes of action, suits, damages, rights or liabilities of any

7  nature and description whatsoever, whether arising under local, state or federal law,

8  whether by Constitution, statute (including, but not limited to, the FCRA, the

9  CCRAA or the UCL), tort, contract, common law or equity or otherwise, whether

10  known or unknown, concealed or hidden, suspected or unsuspected, anticipated or

11  unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent,

12  liquidated or unliquidated, fixed or contingent, that have been or could have been

13  alleged in the Action by Plaintiff and, for the Settlement Class Members, that have

14  been or could have been alleged in the Complaint based on the conduct that is the

15  subject of the class allegations set forth in the Complaint, or any of their respective

16  heirs, spouses, executors, trustees, administrators, partners, attorneys, predecessors,

17  successors, assigns, agents and/or representatives, and/or anyone acting or purporting

18  to act on their behalf.  Released Claims include, but are not limited to, all claimed or

19  unclaimed compensatory damages, damages for emotional distress, statutory

20  damages, consequential damages, incidental damages, treble damages, punitive and

21  exemplary damages, as well as all claims for equitable, declaratory or injunctive

22  relief under any federal or state statute or common law or other theory that was

23  alleged or could have been alleged in the Action by Plaintiff and, for the Settlement

24  Class Members, that have been or could have been alleged in the Complaint based on

25  the conduct that is the subject of the class allegations set forth in the Complaint,

26  including but not limited to any and all claims under credit reporting statutes,

27  deceptive or unfair practices statutes, or any other statute, regulation or judicial

28  interpretation.  Released Claims further include interest, costs and fees arising out of

- 4 -

1  any of the claims asserted or that could have been asserted in the Action by Plaintiff

2  and, for the Settlement Class Members, that have been or could have been alleged in

3  the Complaint based on the conduct that is the subject of the class allegations set

4  forth in the Complaint.  Notwithstanding the foregoing, nothing in this Agreement

5  shall be deemed a release of the Parties' respective rights and obligations under this

6  Agreement.

7      1.13.  "Released Parties" means Chex Systems and each and all of its present,

8  former and future, direct and indirect, parent companies, affiliates, subsidiaries,

9  agents, representatives, successors, predecessors-in-interest and all of the

10  aforementioneds' respective officers, directors, partners, predecessors, successors,

11  insurers, employees, associates, shareholders, members, principals, agents,

12  representatives, trustees, accountants, attorneys, third-party vendors and assigns.

13      1.14.  "Settlement" means this Agreement between Plaintiff, on behalf of

14  herself and as proposed representative of the proposed Settlement Class, and Chex

15  Systems, to settle and compromise all of the Released Claims, fully, finally and

16  forever.

17      1.15.  "Settlement Class" means:  All consumers, as defined by 15 U.S.C.

18  Section 1681a(c) and/or California Civil Code Section 1785.3(b), who requested that

19  Chex Systems add the consumer's statement of dispute to the consumer's Chex

20  Systems consumer report, but who Chex Systems sent a Claimed Letter on or after

21  September 15, 2006 and up to the date of entry of the Preliminary Approval Order by

22  the Court.

23      1.16.  "Settlement Class Member" means a person who falls within the

24  definition of the Settlement Class.

25      1.17.  "Settling Parties" or "Parties" means, collectively, Chex Systems and

26  Plaintiff, on behalf of herself and the Settlement Class.

27      1.18.  "Valid Claim" means a claim that is submitted by a properly completed

28  Claim Form, that is:  (i) postmarked or submitted on or before a date that shall be set

- 5 -

forth in the Class Notice and Claim Form; (ii) sent to the address specified in the Class Notice and Claim Form; and (iii) fully and accurately completed such that Chex Systems is able to verify that the claimant is a Settlement Class Member and received the claimed number of Claimed Letters.

## II.  CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

2.1.   Solely for the purposes of this Settlement, providing Class Notice and for implementing this Agreement, the Settling Parties agree to conditional certification of the Settlement Class.

2.2.   Certification of the Settlement Class will be void and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action and the Settling Parties will be returned to their positions status quo ante with respect to the Action as if the Settlement had not been entered into if the Court does not approve the Settlement or if the Final Approval Order and Final Judgment does not become Final.  Chex Systems denies that a class could be certified in the Action other than for purposes of the Settlement and reserves its right to oppose any motion for class certification should the Court not approve the Settlement, the Final Approval Order and Final Judgment does not become Final or should Chex Systems choose to exercise its right to withdraw from the Settlement as set forth in this Agreement.  Nothing in this Agreement shall be construed as an admission by Chex Systems that the Action or any similar case is amenable to class certification for litigation purposes.

## III.  SETTLEMENT CONSIDERATION

3.1.   Consideration to the Settlement Class.  As full and complete consideration to the Settlement Class, Chex Systems agrees to:  (a) for each Valid Claim submitted, pay to the submitting Settlement Class Member eighty-two dollars ($82.00) per Claimed Letter that Chex Systems sent to the submitting Settlement Class Member; (b) certain practice changes as described in Paragraph 3.3 below; (c) the costs of notice and administration of this Settlement as described in Paragraphs

- 6 -

4.2, 5.3 and 5.4 below; and (d) attorneys' fees and costs to Class Counsel, and an incentive payment to Plaintiff, as described in Paragraphs 8.1 and 8.2 below and as ordered by the Court.

3.2.   <u>Payments To Settlement Class Members</u>.  Settlement Class Members who submit a Valid Claim will be eligible to receive a one-time payment of $82.00 per Claimed Letter that Chex Systems sent to the Settlement Class Member.  Only one Valid Claim will be honored per Settlement Class Member.  No interest will accrue on such amount at any time.

3.3.   <u>Practice Changes</u>.  Chex Systems no longer will reject a consumer statement of dispute for the reason that it includes the name of a third-party business or financial institution.  Chex Systems may abandon the practice specified in the preceding sentence only if there is a change in law, either through legislative action or applicable case law, permitting a consumer reporting agency to reject a consumer statement of dispute for the reason that it includes the name of a third-party business or financial institution.  In addition, for a period of two (2) years following execution of this agreement by Chex Systems, any time Chex Systems rejects a consumer statement of dispute for the reason that the proposed statement of dispute includes the name(s) of a third-party natural person(s), Chex Systems will place the disputed item about which the statement of dispute relates in a disputed status for 120 days following the issuance of a notice to the consumer that Chex Systems has rejected the consumer's statement of dispute for such reason and requesting resubmission of a modified consumer statement of dispute to conform to Chex Systems' policy.

3.4.   <u>Full Recovery</u>.  The Parties agree that the consideration provided pursuant to this Agreement shall constitute complete relief and full payment of all damages, including statutory damages, to Plaintiff and the Settlement Class for all Released Claims against any Released Parties in any action, class action or series of class actions with respect to any of the Released Claims.

- 7 -

# IV. **PRELIMINARY APPROVAL AND NOTICE**

4.1.   Preliminary Approval.  Within ten (10) court days following full execution of this Agreement, Plaintiff shall file a Motion for Preliminary Approval, requesting that the Court enter the Preliminary Approval Order.  Among other things, the Preliminary Approval Order shall:  (i) preliminarily approve the Settlement as within the range of reasonableness to the Settlement Class; (ii) approve the form of Class Notice and Claim Form and find that the Class Notice constitutes the best notice of the terms of this Agreement and the Settlement practicable under the circumstances, and that such notice is due and sufficient notice of the terms of the Agreement and the Settlement and that the Class Notice fully satisfies the requirements of due process and the Federal Rules of Civil Procedure; (iii) provide that the Class Notice shall be mailed no later than forty-five (45) days following entry of the Preliminary Approval Order; (iv) provide that any Settlement Class Member who wishes to share in the recovery provided for by the Settlement must complete and timely return the Claim Form by first class mail, postage paid and postmarked not later than seventy-five (75) days following the entry of the Preliminary Approval Order; (iv) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and set a date, not later than seventy-five (75) days following the entry of the Preliminary Approval Order, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene in the Action; (v) provide that any objections to the Settlement, or to any application for an award of attorneys' fees and costs or Plaintiff's incentive payment, shall be heard, and any papers submitted in support of any such objections, including verification of membership in the Settlement Class, shall be received and considered by the Court at the final approval hearing only if, not later than seventy-five (75) days following the entry of the Preliminary Approval Order, the persons making the objections file with the Court notice of their intention to appear (which shall set forth

- 8 -

1    each objection and the basis therefore and verification of membership in the

2    Settlement Class), with any papers in support of their position, and serve copies of all

3    such papers upon Class Counsel and Chex Systems' Counsel; (vi) pending final

4    determination of whether the Settlement should be approved, bar all Settlement Class

5    Members, directly, on a representative basis or in any other capacity, from

6    commencing or prosecuting against any of the Released Parties any action,

7    arbitration or proceeding in any court, arbitration forum or tribunal asserting any of

8    the Released Claims; (vii) pending final determination of whether the Settlement

9    should be approved, stay all proceedings in the Action except those related to the

10   effectuation of the Settlement; and (viii) schedule a hearing on final approval of the

11   Settlement not earlier than 120 days following entry of the Preliminary Approval

12   Order.

13          4.2.   Class Notice.  Class Notice shall be completed no later than forty-five

14   (45) days following the date of entry of the Preliminary Approval Order by the

15   Court.  Chex Systems will provide the Class Notice only by United States Postal

16   Service mail to the Settlement Class Members as identified in Chex Systems'

17   reasonably available records, at the last address reflected in Chex System's

18   reasonably available records for the Settlement Class Member.  No other forms of

19   notice to the Settlement Class will be required.  Any Notices returned with a

20   forwarding address shall be re-mailed.  As to any Class Notice that is Returned

21   Undeliverable Mail ("RUM"), within five (5) business days of receipt of such RUM

22   notice, Chex Systems shall attempt to update that Settlement Class Member's

23   address by using the USPS National Change of Address List only, and shall re-mail

24   the Class Notice only once by USPS first class mail to such person.  No further

25   address checking or re-mailing shall be required or performed.  Claims, opt outs or

26   objections postmarked no later than twenty (20) days after re-mailing a Class Notice

27   to a Settlement Class Member pursuant to a forwarding address or a RUM that is

28   successfully updated using the NCOA List shall be considered timely.

- 9 -

4.3. <u>Notice Pursuant To Class Action Fairness Act</u>. Chex Systems shall be responsible for compliance with 28 U.S.C. § 1715(b) of the Class Action Fairness Act by giving notice of the Settlement to the appropriate federal and/or state regulators.

4.4. <u>Notice Costs</u>. Chex Systems shall be responsible for paying the costs only of the notices contemplated by Paragraphs 4.2 and 4.3, above. In the event that the Court orders additional notice, Chex Systems shall have the absolute right in its sole discretion to withdraw from the Settlement.

## V. CLAIMS ADMINISTRATION

5.1. The Parties anticipate that the Settlement will be administered in-house by Chex Systems. Chex Systems, at its own election, may utilize third-parties to provide Class Notice and/or administer the Settlement. If Chex Systems elects to have the Settlement administered in whole or in part by a third-party administrator, Chex Systems will pay for the third-party administrator and may select the administrator in its sole discretion.

5.2. The Claim Form will require Settlement Class Members to provide the following information: (i) full name; (ii) current address and address at the time the Settlement Class Member received a Claimed Letter if different from the Settlement Class Member's current address; (iii) last four digits of the Settlement Class Member's social security number; and (iv) a statement, attested to under penalty of perjury, that they are Settlement Class Members, <u>i.e.</u>, that (a) they requested that Chex Systems include a consumer statement of dispute on their Chex Systems consumer report; (b) Chex Systems rejected the proposed statement of dispute and the Settlement Class Member received a Claimed Letter from Chex Systems; and (c) the Settlement Class Member was damaged as a result of Chex Systems' failure to include the Settlement Class Member's statement of dispute on his or her Chex Systems consumer report.

5.3.    Chex Systems reserves the right to verify all claims before disbursing payments to Settlement Class Members.  Chex Systems only is obligated to pay the agreed amount of monetary consideration set forth in Paragraph 3.1(a), above, for the number of Claimed Letters that Chex Systems is able to verify from its reasonably available records that it sent to the submitting Settlement Class Member, subject to the Paragraph 5.4, below.  Claim Forms shall be denied if they are (i) untimely; (ii) not fully completed; (iii) if Chex Systems cannot confirm that the claimant is a Settlement Class Member; (iv) if the Claim Form submitted is duplicative of another Claim Form submitted on behalf of the same Settlement Class Member; or (v) if Chex Systems has a good faith belief that the claim is fraudulent.  Chex Systems shall make a good faith determination based on a review of its reasonably available records whether the person submitting the Claim Form is a Settlement Class Member.

5.4.    If Chex Systems is unable to verify from a review of its reasonably-available records whether a Settlement Class Member has a Valid Claim, Chex Systems may request that the Settlement Class Member provide Chex Systems with documentation demonstrating that the Settlement Class Member has a Valid Claim. For example, Chex Systems may request copies of the Claimed Letters the Settlement Class Member received from Chex Systems.  Failure of a claiming Settlement Class Member to provide his or her address on the Claim Form where the Settlement Class Member received one or more Claimed Letters, if different from the Settlement Class Member's current address, shall not automatically render the Settlement Class Member's Claim Form invalid, unless ChexSystems is otherwise unable to confirm receipt of more than one Claimed Letter.  If a claiming Settlement Class Member seeks payment for only one Claimed Letter by his or her Claim Form, the Claim Form will be automatically deemed a Valid Claim that is not subject to verification by ChexSystems, other than to confirm that the claimant is a Settlement Class Member.

- 11 -

5.5.    A claimant who receives a denial of a Claim Form may challenge the denial by submitting additional information and/or documents sufficient to demonstrate that such claimant is a Settlement Class Member and/or that he or she has a Valid Claim.  Any such challenge by a claimant must be postmarked no later than twenty-one (21) days from the mailing of the denial to the claimant.  Chex Systems shall make its determination on any claimant's challenge within twenty-one (21) days of receipt of the challenge.  Should Chex Systems determine that the challenge is valid, it will deliver a Settlement Payment to the claimant making the successful challenge in accordance with Paragraph 5.7 below.

5.6.    Chex Systems shall review Claim Forms and advise Class Counsel of any denied claims no later than sixty (60) days following entry of the Final Approval Order and Final Judgment.  At a minimum, the claims report shall include the following information for each claim Chex Systems intends to deny: (a) the name and address of the claimant; (b) a copy of the claimant's Claim Form and any other documentation submitted by the claimant to Chex Systems; and (c) a brief explanation of the reason for the denial.  Class Counsel will have thirty (30) days after receiving any claims report from Chex Systems to raise any disputes with Chex Systems regarding any denied claims.  The Settling Parties will attempt in good faith to resolve any disputes over any denied claims and, should they fail to resolve any dispute, Class Counsel may seek to have the Court resolve any such dispute.  If Class Counsel so elects, supporting papers must be lodged with the Court within sixty (60) days of receiving notice from Chex Systems' Counsel of any denied claims.  Chex Systems shall then have thirty (30) days to submit its response to the Court.  These dates may be extended upon mutual agreement of Class Counsel and Chex Systems. The Court's determination shall be final and binding, without right of appeal by either party.  Denied claims that are not disputed pursuant to this Paragraph will remain denied.

- 12 -

1     5.7.   Chex Systems shall issue payments with respect to all Valid Claims

2  (including any disputed claims that the Court deems to be valid) by the later of forty-

3  five (45) days following conclusion of the claims dispute process or forty-five (45)

4  days following the date on which the Final Approval Order and Final Judgment

5  becomes Final.

6                     **VI.  RIGHT TO OPT OUT**

7     6.1.   Settlement Class Members shall be given the opportunity to opt out of

8  the Settlement Class.  All requests by Settlement Class Members to be excluded must

9  be in writing and postmarked by the date specified in the Preliminary Approval

10  Order.

11     6.2.   Exclusion requests must:  (i) be signed by the Settlement Class Member;

12  (ii) include the full name, address and last four digits of the social security number(s)

13  of the person requesting exclusion; and (iii) include the following statement "I/we

14  request to be excluded from the class settlement in Elizabeth Lavalle v.

15  ChexSystems, United States District Court, Central District of California, Southern

16  Division, Case No. SACV 08-01383."  No request for exclusion will be valid unless

17  all of the information described above is included.  Copies of requests for exclusion

18  will be provided to Class Counsel, with the social security number redacted, within

19  seven (7) days of the deadline set forth in the Preliminary Approval Order for

20  Settlement Class Members to request exclusion from the Settlement.  Class Counsel

21  will keep any such opt out information confidential and use it only for purposes of

22  determining whether a person has properly opted out.

23     6.3.   If the number of persons in the Settlement Class who opt out exceeds

24  50, then Chex Systems in its sole discretion will have the right to terminate the

25  Settlement.  In the event that the Settlement is terminated pursuant to this provision,

26  the Settling Parties will be returned to the status quo ante as if no settlement had been

27  negotiated or entered into.

28

- 13 -

6.4.    Persons who exclude themselves from the Settlement Class will not be eligible to receive any payment as a result of the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Chex Systems by filing their own lawsuit at their own expense.  In the event that a Settlement Class Member were to submit a Claim Form and a request to be excluded from the Settlement, the Claim Form will control and the request to opt-out deemed invalid.

## VII.  OBJECTIONS TO THE SETTLEMENT

7.1.    Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the hearing on final approval to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the incentive award to Plaintiff.

7.2.    To be heard at the hearing, the Settlement Class Member must make any objection in writing and file it with the Court and serve it on counsel for the Settling Parties on or before the date set forth in the Class Notice and pursuant to the Preliminary Approval Order.  The objection must also be mailed to each of the following, postmarked by the last day to file the objection:  Class Counsel:  Lee A. Sherman, Esq., Callahan, Thompson, Sherman & Caudill, LLP, 2601 Main Street, Suite 800, Irvine, California 92614; and Chex Systems' Counsel:  Julia B. Strickland, Esq., Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California 90067.

## VIII.  ATTORNEYS' FEES AWARD AND INCENTIVE AWARD FOR PLAINTIFF

8.1.    Attorneys' Fees And Costs.  Chex Systems agrees not to oppose an application by Class Counsel for attorneys' fees and costs in an amount not to exceed $90,000, subject to Court approval.  Chex Systems shall only be obligated to pay the

- 14 -

1   amount of attorneys' fees and costs actually awarded by the Court pursuant to a Final

2   order up to $90,000. Chex Systems will pay such attorneys' fees and costs, or such

3   lesser amount ordered by the Court, no later than forty-five (45) days after an order

4   entered by the Court with respect to any such attorneys' fees and expenses to be

5   awarded to Class Counsel becomes Final. The Settlement is not conditioned upon

6   the Court's approval of the fees or costs sought by Class Counsel. No interest will

7   accrue on such amounts at any time.

8        8.2.   Incentive Payment To Plaintiff. Chex Systems agrees not to oppose an

9   application by Plaintiff for an incentive payment, subject to Court approval, in an

10   amount not to exceed $2,500. Chex Systems shall only be obligated to pay the

11   amount of an incentive payment actually awarded by the Court pursuant to a Final

12   order up to $2,500. Such incentive payment shall be paid at the time the attorneys'

13   fees and costs payment is due. Court approval of the incentive payment, or its

14   amount, is not a condition of the Settlement. No interest will accrue on such

15   amounts at any time.

16                        **IX. RELEASE OF CLAIMS**

17        9.1.   As of the date on which the Final Approval Order and Final Judgment

18   becomes Final, Plaintiff, and each Settlement Class Member who has not opted out,

19   acknowledge full satisfaction of, and fully, finally and forever settle, release and

20   discharge the Released Parties of and from, all Released Claims. Subject to the

21   Court's approval, all Settlement Class Members shall be bound by this Agreement

22   and all of their Released Claims shall be released as against the Released Parties,

23   even if they never received actual notice of the Settlement prior to the hearing on

24   final approval of the Settlement.

25        9.2.   Plaintiff, for herself and for each Settlement Class Member,

26   acknowledges that she is aware that she may hereafter discover facts in addition to or

27   different from those that she now knows or believes to be true with respect to the

28   subject matter of these releases, but it is her intention to, and she does hereby, upon

                                - 15 -

the date on which the Final Approval Order and Final Judgment becomes Final, fully, finally and forever settle and release any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff, for herself and for each Settlement Class Member, waives any and all rights and benefits afforded by California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and each Settlement Class Member understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

9.3.   Subject to Court approval, the foregoing release shall apply to and bind Plaintiff and all Settlement Class Members who do not opt out, as well as those Settlement Class Members who do not submit a Claim Form or whose claims are denied and who do not receive the payments described herein, and shall bar all claims of the Plaintiff and such Settlement Class Members that are the subject of the foregoing release.

## X.  FINAL APPROVAL

10.1.  Following issuance of the Preliminary Approval Order and the provision of Class Notice as set forth herein, the Parties shall promptly request from the Court the Final Approval Order and Final Judgment.  The Final Approval Order and Final Judgment may also contain provisions for the award of attorneys' fees and costs and the incentive award as set forth herein.  The hearing date for the Court's entry of the Final Approval Order and Final Judgment shall not occur until after the expiration of the time to opt out and object to the Settlement, nor before 120 days following entry of the Preliminary Approval Order by the Court.

- 16 -

# XI.  **EFFECT OF SETTLEMENT**

11.1.  Neither this Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement, or either Party's willingness to enter into this Agreement, nor any or all negotiations, communications, and discussions associated with them:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, any fact alleged in the Action, the validity of any Released Claim, or of any fault, wrongdoing, violation of law, or liability of any kind of the Released Parties, or any admission by the Released Parties of any claim or allegation made in any action or proceeding against the Released Parties, or any infirmity of any claims or defenses asserted by the Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration or other tribunal; or (iii) is or may be construed as or deemed to be evidence of a waiver of any applicable statute of limitations or any other defense or plea in abatement.  The Released Parties may file the Agreement and/or the Final Approval Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

# XII.  **EVIDENTIARY PRECLUSION**

12.1.  In the event that the Settlement is not approved as presented, or Chex Systems withdraws from the Settlement as set forth herein, the Settling Parties agree that neither the settlement terms nor any information disseminated regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Chex Systems' withdrawal from

- 17 -

1   the Settlement, any failure of the Court to approve the Settlement and/or any

2   objections or interventions may be used as evidence for any purpose whatsoever.

3   ### XIII.  STAY/BAR OF OTHER PROCEEDINGS

4       13.1.  All proceedings in the Action will be stayed following entry of the

5   Preliminary Approval Order, except as may be necessary to implement the

6   Settlement or comply with the terms of this Agreement.  Pending determination of

7   whether the Settlement should be granted final approval, the Parties agree not to

8   pursue in the Action any claims or defenses otherwise available to them in the

9   Action, and no Settlement Class Member, either directly, on a representative basis or

10  in any other capacity, will commence or prosecute against any of the Released

11  Parties any action or proceeding asserting any of the Released Claims.  The Parties

12  represent that they are each not aware of any pending or threatened actions or claims

13  asserting the claims set forth in the Complaint or any related theories or claims

14  against the Released Parties.

15  ### XIV.  NO PUBLICITY BEYOND NOTICE PROCEDURES

16      14.1.  It is a material condition of this Agreement that Plaintiff and Class

17  Counsel shall not use or allow to be used any aspect of this Settlement, including

18  information that has been provided or will be provided by the Parties in the course of

19  any settlement discussions (as well as the settlement discussions themselves) or this

20  Agreement for publicity or advertisement purposes.  Nor shall Plaintiff or Class

21  Counsel encourage comment for publication in any media by themselves or any

22  Settlement Class Members or others on the Settlement.  In the event of an inquiry

23  from a member of the media, Class Counsel and/or Plaintiff shall refer the media to

24  the public record.  The Parties and their counsel further agree not to issue or originate

25  any publicity, public announcement or news release (all or each of which whether

26  written or oral) whether to the public press or otherwise or to use the name of the

27  other Party in any publicity, public announcement, or news release regarding the

28  Agreement.  This provision will not in any way prohibit Class Counsel from

- 18 -

communicating with any Settlement Class Member regarding the Action or the Settlement; provided, however, that Class Counsel must comply with this Agreement and the Protective Order in the Action in communicating with such persons, and will not disclose information that is not a part of the public record. Class Counsel may post the Complaint, a fully-executed copy of this Agreement and any subsequent orders entered by the Court relating to this Agreement or its approval along with their respective exhibits, except for any drafts, proposed and/or final versions of the Class Notice and Claim Form, on their website for Settlement Class Members to view and download at www.ctsclaw.com.

14.2. The Parties agree not to criticize, ridicule, make any statements or take any actions or insinuations, made directly or indirectly, which disparage or are derogatory of the Parties or any Released Parties.

14.3. Any and all drafts of this Agreement and other settlement documents relating to the negotiations between the Settling Parties will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary approval and/or final court approval. This provision will not prohibit the Parties from submitting this Agreement to the Court to obtain preliminary and/or final approval of the Settlement.

14.4. The obligations contained in this Section shall survive the expiration or termination of this Agreement.

## XV.  GENERAL PROVISIONS

15.1. This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement. This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by or on behalf of the Parties and their respective attorneys. Such a writing may be executed in counterparts.

15.2. The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

- 19 -

15.3.  This Agreement may be signed in one or more counterparts.

15.4.  No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

15.5.  The terms of this Agreement are contractual and are the result of negotiation among the Parties.  Each party, in consultation with his, her or its attorneys, has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction to be made of this Agreement, the same shall not be construed against any of the Parties.  In addition, none of the Parties may seek to rescind this Agreement on the grounds of mistake either of fact or law.

15.6.  This Agreement has been carefully read by each of the Parties, or their responsible officers thereof, and its contents are known and understood by each of the Parties.  This Agreement is signed freely by each party executing it.

15.7.  The individual(s) executing this Agreement on behalf of any of the Settling Parties represent that he or she is fully authorized to execute this Agreement on such party's behalf.

15.8.  Each of the Settling Parties warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

15.9.  Each and every exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

15.10. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

15.11. This Agreement is binding upon, and inures to the benefit of, Plaintiff, and each of her heirs, successors, assigns, and/or personal representatives, the

1   Settlement Class Members, and Chex Systems, and each of its successors,

2   predecessors, parents, subsidiaries and affiliated persons and entities.

3       15.12. In the event any one or more of the provisions contained in this

4   Agreement shall for any reason be held by a court of competent jurisdiction to be

5   invalid, illegal or unenforceable in any respect, such invalid, illegal or unenforceable

6   provision shall be ineffective but shall not in any way invalidate or otherwise affect

7   any other provision.

8       15.13. The law of the state of California shall apply to this Agreement.

9       15.14. The Court shall retain jurisdiction with respect to implementation and

10  enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction

11  of the Court for purposes of implementing and enforcing the Settlement embodied in

12  this Agreement.

13      IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to

14  be executed effective _____, as follows:

15

16  DATED: _1 / 26_____, 2011          ELIZABETH LAVALLE

17                                     _Elizabeth La Valle_____
                                       Elizabeth Lavalle
18

19                                     On behalf of herself and the Settlement Class

20

21  DATED: _____, 2011          CHEX SYSTEMS, INC.

22                                     By: _____

23

24                                     Its: _____

25

26

27

28

- 21 -

1   Settlement Class Members, and Chex Systems, and each of its successors,

2   predecessors, parents, subsidiaries and affiliated persons and entities.

3      15.12. In the event any one or more of the provisions contained in this

4   Agreement shall for any reason be held by a court of competent jurisdiction to be

5   invalid, illegal or unenforceable in any respect, such invalid, illegal or unenforceable

6   provision shall be ineffective but shall not in any way invalidate or otherwise affect

7   any other provision.

8      15.13. The law of the state of California shall apply to this Agreement.

9      15.14. The Court shall retain jurisdiction with respect to implementation and

10  enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction

11  of the Court for purposes of implementing and enforcing the Settlement embodied in

12  this Agreement.

13      IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to

14  be executed effective _____, as follows:

15

16  DATED: _____, 2011        ELIZABETH LAVALLE

17                                    _____

18                                              Elizabeth Lavalle

19                                    On behalf of herself and the Settlement Class

20

21  DATED: _1/28_____, 2011           CHEX SYSTEMS, INC.

22                                    By: _____

23

24                                    Its: CVEC, Chief Legal Officer

25                                          and Corp. Secretary

26

27

28

                                    - 21 -

1   Approved as to form and content:

2   Dated: _____1/28_____, 2011          CALLAHAN, THOMPSON, SHERMAN

3                                            & CAUDILL, LLP
                                             LEE A. SHERMAN
4

5

6   By: _____
                    Lee A. Sherman
7

8   Attorneys for Plaintiff and the Settlement
    Class
9

10

11  Approved as to form:

12  Dated: January 28 , 2011               STROOCK & STROOCK & LAVAN LLP
                                           JULIA B. STRICKLAND
13                                         BRIAN C. FRONTINO

14

15  By: _____
                  Brian C. Frontino
16

17  Attorneys for Defendant
        CHEX SYSTEMS, INC.
18

19

20

21

22

23

24

25

26

27

28

- 22 -

1  Approved as to form and content:

2

3  Dated: _____1/28_____, 2011          CALLAHAN, THOMPSON, SHERMAN
                                        & CAUDILL, LLP
4                                       LEE A. SHERMAN

5

6  By: _____
                Lee A. Sherman
7
   Attorneys for Plaintiff and the Settlement
8  Class

9

10

11 Approved as to form:

12 Dated: January 28, 2011             STROOCK & STROOCK & LAVAN LLP
                                        JULIA B. STRICKLAND
13                                      BRIAN C. FRONTINO

14

15 By: _____
                Brian C. Frontino
16
   Attorneys for Defendant
17    CHEX SYSTEMS, INC.

18

19

20

21

22

23

24

25

26

27

28

- 22 -